**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,
*Plaintiff,*

vs.                                                   CRIMINAL NO. 25-473 (PAD)

DANIEL RIVERA-MOLINA,
*Defendant.*

**<u>SENTENCING MEMORANDUM</u>**

TO THE HONORABLE COURT:

COMES NOW, the Defendant, Daniel Rivera-Molina, represented by the Federal Public Defender for the District of Puerto Rico through the undersigned attorney as follows:

Mr. Rivera-Molina stands before this Court for sentencing on a non-violent immigration offense. The facts that define him, however, are not captured by the Guidelines calculation, but by a life shaped by poverty, early loss, and years of labor undertaken for survival.

Raised in rural conditions without electricity or running water, Mr. Rivera-Molina began working as a child, collecting firewood, assisting with agricultural labor, and contributing to his household in whatever way he could. He lost his mother at sixteen, was separated from both parents for extended periods, and left school early to work. Despite these limitations, he later completed his high school education as an adult after arriving in Puerto Rico, an accomplishment he takes great pride in.

1

He returned to the United States for a familiar and understandable reason: to work and provide for his family, particularly his children, with whom he maintains an active and meaningful relationship.

The advisory Guideline range is 8 to 14 months. By the time of sentencing, Mr. Rivera-Molina will have served approximately six months and one day in custody. That time has already had a meaningful punitive and deterrent effect. He has maintained clear institutional conduct, with no disciplinary infractions, demonstrating his ability to comply with authority and structured environments. Under these circumstances, a sentence of time served is sufficient, but not greater than necessary, to satisfy the purposes of sentencing under 18 U.S.C. § 3553(a).

**a. Mr. Rivera-Molina's History and Characteristics**

Mr. Rivera-Molina was born in the Dominican Republic and raised under conditions of significant economic hardship. When he was approximately seven years old, his parents separated. His mother relocated to the city for work, and he remained in a rural setting under the care of his grandfather.

His upbringing was defined by labor and deprivation rather than stability. The family home lacked electricity and running water; water was collected from a nearby river, and food was limited. From a young age, he worked to contribute to the household's basic survival.

At sixteen, he experienced a profound loss when his mother died of tuberculosis, leaving him and his three younger siblings behind. This loss further destabilized his already difficult circumstances.

2

Years later, his grandfather arranged for him to reunite with his father in the hope that he could pursue an education. However, due to his father's work obligations, Mr. Rivera-Molina was placed with an aunt and was only able to complete school through the seventh grade before leaving to work full-time.

Despite these setbacks, he later completed his high school education as an adult in Puerto Rico, an achievement that reflects initiative and personal determination.

Mr. Rivera-Molina remained closely connected to his grandfather, who played a central role in his upbringing. During the COVID-19 pandemic, his grandfather became ill with prostate cancer, and Mr. Rivera-Molina cared for him until his passing.

Today, Mr. Rivera-Molina is a father who maintains regular communication with his younger daughter and is committed to providing her with opportunities he did not have. He takes pride in his children and their education and hopes to continue supporting them upon his return to the Dominican Republic.

He expresses genuine remorse for his prior offense and describes his incarceration as a deeply difficult experience. His conduct while incarcerated, free of disciplinary infractions, reflects that he is a respectful and compliant person.

**b. Nature of the Offense**

This is a non-violent immigration offense. Mr. Rivera-Molina returned to the United States to work and support his family, not to engage in criminal activity. His conduct reflects economic motivation rather than criminal intent.

**c. Protection of the Public and Deterrence**

There is no evidence that Mr. Rivera-Molina poses a danger to the public. His offense is non-violent, and his history reflects a person whose primary focus has been work and family.

The approximately six months he has already spent in custody have provided meaningful punishment and deterrence. Additional incarceration is unlikely to further advance those goals.

Moreover, Mr. Rivera-Molina will be removed from the United States upon completion of his sentence, significantly limiting any potential risk to the public. As courts have recognized, a defendant's deportable status and the certainty of removal diminish the need for a lengthy term of imprisonment. See *United States v. Ramirez-Ramirez*, 365 F. Supp. 2d 728 (2005).

**d. Continued Detention and Conditions of Confinement**

Importantly, Mr. Rivera-Molina will not be released at the conclusion of his federal sentence. He will be transferred directly to immigration custody, where he will remain detained pending removal.

As a result, any additional custodial sentence imposed by this Court does not represent the full extent of his punishment. It simply prolongs the period before he enters another phase of confinement.

While this Court does not control the conditions of immigration detention, it may consider that such detention is often more restrictive and uncertain, with limited access to programming and resources.

4

**e. Limited Access to Rehabilitative Opportunities**

Mr. Rivera-Molina's status as a non-citizen subject to removal restricts his access to rehabilitative programs within the Bureau of Prisons. He is ineligible for many vocational, work, and reentry programs designed to reduce recidivism.

Accordingly, additional incarceration would not meaningfully promote rehabilitation and would function primarily as punitive confinement without corresponding benefit.

**FOR THESE REASONS**, and after considering the factors set forth in 18 U.S.C. § 3553(a), Mr. Rivera-Molina respectfully requests that this Court impose a sentence of time served. Such a sentence is sufficient, but not greater than necessary, to achieve the goals of sentencing, including just punishment, deterrence, and protection of the public.

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the parties of record.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this 17th day of April 2026.

RACHEL BRILL
FEDERAL PUBLIC DEFENDER
District of Puerto Rico

*s/Laura I. Soto-Santiago*
Laura I. Soto-Santiago
Assistant Federal Public Defender
USDC-PR 302905
241 F.D. Roosevelt Ave.
Hato Rey, P.R. 00918-2441

5

(787) 281-4922/ Fax (787) 281-4899
E-mail: Laura_Soto@fd.org

6